## COWALT v. COLONIAL MOTORS, Inc.
### No. 1884.

Circuit Court, Dade County, Civil Appeal.

November 21, 1958.

William R. Alvin, Miami, for appellant.

Engel & Housen, Miami for appellee.

VINCENT C. GIBLIN, Circuit Judge.

This action grew out of a collision of an automobile admittedly owned by the defendant-appellant. The plaintiff asserted a claim for the amount of the damage done to his automobile in the collision, charging that the negligence of the operator of the defendant's automobile was the proximate cause of the accident.

It was conclusively proved at the trial in the court below that the negligence of the operator of the defendant's automobile was the proximate cause of the collision. Because of the provisions of section 51.12 of the Florida Statutes, the defendant's admission of ownership created the presumption that it is liable for the property damage sustained by the plaintiff. To rebut such presumption the defendant introduced in evidence a written contract evidencing its rental of the automobile to one Rose Stone. As the evidence dis-

closed, the vehicle was operated at the time of the accident by a person other than Rose Stone. The contract contained the stipulation that the automobile would not be operated "by any other person than the renter *or his authorized driver.*"

The burden of rebutting the statutory presumption was on the defendant. While it was shown that the "renter" was not operating the vehicle at the time of the accident, it was not shown that the operator was not her "authorized driver." The court below correctly decided that the presumption had not been rebutted.

The defendant sought a trial continuance because of the failure of Rose Stone to appear as a witness in obedience to the requirements of a subpoena served on her. It was not asserted, in support of the defendant's oral motion for a continuance, that the witness would testify, or show by her testimony, that the operator of the rented vehicle was not her "authorized driver." There was no error, therefore, in the lower court's denial of the motion.

No questions, other than those discussed, are presented.

The challenged judgment is affirmed.